UNITED STATES DISTRICT COURT

Northern District of California

JERRY LANKFORD,

     Plaintiff,
 v.

CITY & COUNTY OF SAN FRANCISCO, et al.,

     Defendants.

_____/

No. C 10-05518 MEJ

**ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Re: Docket No. 18**

  On October 28, 2010, Plaintiff Jerry Lankford, a retired San Francisco Police Department Lieutenant who is African-American, filed this lawsuit in San Francisco County Superior Court against his former employer, Defendant City and County of San Francisco. Dkt. No. 3, Ex. B. Plaintiff's Complaint alleged seven causes of action invoking California law, including discrimination and retaliation claims under California's Fair Employment and Housing Act as well as multiple state-law tort claims. *Id.* Plaintiff's Complaint also alleged one cause of action under 42 U.S.C. § 1981 ("Section 1981"), which prohibits racial discrimination in the making and enforcement of contracts. *See Peterson v. State of Calif. Dept. of Corr. and Rehab.*, 451 F.Supp.2d 1092, 1101 (E.D. Cal. 2006) (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 176 (1989)). Based on this federal claim, Defendant removed the action to this Court and now moves for summary judgment on Plaintiff's entire complaint. Dkt. Nos. 1 and 18. Because Plaintiff's Section 1981 claim is the only federal question presented by his lawsuit, the Court begins its analysis by examining this claim.[1]

---

[1] The Court has reviewed the papers submitted by the parties and considered the arguments of counsel. This Order, however, only discusses the facts of this dispute and the issues they raise if

Plaintiff's Section 1981 cause of action alleges that "Defendant treated [him] disparately from other Caucasian employees of Defendant and acted in a manner that would prevent or impede Plaintiff's enjoyment of the fruits" of his employment agreement with Defendant. Dkt. No. 3, Ex. B ¶ 66. In its Motion, Defendant argues that this cause of action fails as a matter of law. Dkt. No. 19 at 22. Defendant explains that Plaintiff cannot invoke Section 1981 because it only applies to contractual relationships, and Plaintiff was a public employee whose employment was governed by statute rather than by contract.[2] *Id.* Plaintiff, however, points out in his Opposition that this is not a settled issue. Dkt. No. 24 at 20.

This Court agrees with Plaintiff. In *Harris v. City and County of San Francisco*, the Court addressed the same argument currently being asserted by Defendant. 2009 WL 2421732, at *12 (N.D. Cal. Aug. 6, 2009). It summed up the issue as follows:

> [T]he law appears unsettled on the question whether a California public-entity employee may assert a § 1981 claim against his/her employer. It is clearly established under California law that a public employee cannot bring a claim for breach of contract or breach of implied contract against the public entity that employs him. It is not so clearly established, however, that a California public employee cannot bring a § 1981 claim against the public entity that employs him.

*Id.* (internal citations omitted). *Harris* went on to discuss earlier decisions that had barred California public employees from bringing Section 1981 claims as well as more recent rulings which permitted such claims to go forward. *Id.* (comparing *Zimmerman v. City and Cnty. of San Francisco*, 2000 WL 1071830 (N.D. Cal. July 27, 2010) (holding that California public employees cannot maintain Section 1981 claims because they are employed by statute rather than by contract); *Barefield v. Calif. State Univ., Bakersfield*, 2006 WL 829122 (E.D. Cal. Mar. 28, 2006) (same) with *Byrd v. Calif. Sup. Court, Cnty. of Marin*, 2009 WL 2031761 (N.D. Cal. July, 8, 2009) (holding that public employees should not be foreclosed from proceeding with Section 1981 claims); *Peterson v. State of Calif. Dept. of Corr. and Rehab.*, 451 F.Supp.2d 1092 (E.D. Cal. 2006) (same); *Lukovsky v.*

---

they are material to the disposition.

[2] In California, "public employment is not held by contract but by statute . . . ." *Miller v. State of Calif.*, 18 Cal.3d 808, 813 (1977).

2

*City and Cnty. of San Francisco*, 2006 WL 436142 (N.D. Cal. Feb. 21, 2006) (same)).[3] The *Harris* Court declined to rule on this unsettled issue and instead granted the defendant's summary judgment motion on the grounds that the plaintiff could not establish that his injury was caused by a municipal policy, practice, or custom. *Harris,* 2009 WL 2421732*,* at *13. This Court finds *Harris* instructive and applies the same rationale to this matter by declining to rule on whether California public employees may assert Section 1981 claims and instead dismissing Plaintiff's only federal claim because he has not established that his injury was caused by any municipal policy, practice, or custom.[4]

Pursuant to Section 1981, and similar to claims under 42 U.S.C. § 1983, a municipality can only be liable if a plaintiff alleges and proves that his injury resulted from a municipal policy, practice, or custom. *Fed'n of African Am. Contrs. v. City of Oakland*, 96 F.3d 1204, 1214-15 (9th Cir. 1996). At oral argument, the Court explicitly asked Plaintiff to identify a policy, practice, or custom of Defendant's that caused his constitutional injury. *See* Fed. R. Civ. P. 56(f)(2). The Plaintiff could only point to various acts of other police officers in the Department which he argued demonstrated that there was a triable issue whether he was a victim of racial discrimination or retaliation. But there is no respondeat superior liability for Section 1981 claims; "municipalities are

---

[3] The *Lukovsky* Court recognized in a footnote that this issue has actually been resolved by the Ninth Circuit, but in an unpublished opinion. 2006 WL 436142, at *4 (citing *Ramirez v. Kroonen*, 44 Fed.Appx. 212, 217 (9th Cir. Aug. 12, 2002) (permitting the Section 1981 claim to go forward, explaining "that disallowing plaintiff's Section 1981 claim would 'improperly provide[ ] blanket immunity for all California employers from § 1981 liability'")).

[4] Defendant does not cite to any of the adverse district court opinions discussed by *Harris*. Instead, Defendant directs the Court's attention to a recent decision in *Lam v. City and County of San Francisco*, where the Court considered this same issue on a motion to dismiss. Case No. CV10-4641 PJH, Dkt. No. 29 (N.D. Cal. Nov. 9, 2011). The *Lam* Court held that the: "recent developments in the case law suggest that, where a plaintiff clearly alleges an act of discrimination that goes directly to the heart of a tangible right - i.e., promotion, right to earned compensation - then a claim may go forward pursuant to section 1981. However, where the plaintiff alleges only generalized intentional discrimination in the workplace, no contractual rights are implicated, and a claim under the statute is precluded." *Id.* This holding only adds to the differing views courts have taken about California public employees filing Section 1981 claims and corroborates that the law on this issue is not settled.

3

1  answerable only for their own decisions, and cannot be held vicariously liable for the constitutional
2  torts of their agents." *Harris*, 2009 WL 2421732, at *13. Here, the conduct that Plaintiff complains
3  about consists of individual officers and supervisors allegedly discriminating against him, and he
4  fails to specifically identify, either in his Complaint or his Opposition, any official custom or policy
5  of Defendant's that led to his alleged constitutional injury. Without such a custom or policy,
6  Plaintiff's claim fails as a matter of law, and Defendant's motion is therefore GRANTED on the
7  Section 1981 cause of action.

With the dismissal of the Section 1981 claim, Plaintiff's only basis for invoking federal jurisdiction no longer exists, and the Court declines to exercise supplemental jurisdiction over Plaintiff's seven remaining state-law causes of action. *See* 28 U.S.C. § 1367(c) (The Court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction"); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims'") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). In declining to exercise supplemental jurisdiction, the Court considers that this matter is in its early stages and the Court has not devoted a significant amount of judicial resources to this litigation since this is the first motion filed by either of the parties. For the foregoing reasons, Plaintiff's seven state-law causes of action are REMANDED to the San Francisco County Superior Court. *See Carnegie-Mellon*, 484 U.S. at 353 ("remand may best promote the values of economy, convenience, fairness, and comity").

**IT IS SO ORDERED.**

Dated: January 30, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

4